IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-00845-WDM-CBS

U2 HOME ENTERTAINMENT, INC.,

      Plaintiff,

v.

SANG D. TRAN, et al.,

      Defendants.

---

**PERMANENT INJUNCTION AND FINAL JUDGMENT PURSUANT TO STIPULATION**

---

Miller, J.

      This case is before me on the Motion for Judgment against Defendant Sang

Tran Pursuant to Stipulation (doc no 43), Motion for Judgment Against Defendants

Nhan D. Ngo and Tan Tai Fashion, LLC (doc no 46), and Unopposed Motion for

Judgment Against Vu Phi Le (doc no 60).  I have reviewed the Settlement Agreement

and Stipulation for Entry of Judgment (the "Agreement") which has been duly executed

by Plaintiffs U2 Home Entertainment, Inc., dba New Image Audio & Video ("New

Image"), Tai Seng Entertainment, Inc. ("Tai Seng"), Century Home Entertainment

("Century") (collectively the "Plaintiffs") and Defendant Vu Phi Le, individually and

doing business as Saigon Tours, the same Agreement duly executed by Plaintiffs and

Defendant Sang Tran, individually and doing business as Ngoc Han, and the same

Agreement duly executed by Nhan D. Ngo individually and doing business as Tan Tai

Fashion, LLC.  These Agreements and stipulations will resolve this matter in its entirety

and against all of the named Defendants.  Accordingly, it is ordered that final judgment shall be and is hereby entered in this action as follows:

1.      Defendants, together with their agents, employees, and those acting in concert with them or in participation with them, are hereby permanently enjoined and restrained from doing any of the following:

(a)      Infringing Plaintiff's exclusive rights under copyright in the programs duly copyrighted by Plaintiff or in which Plaintiff own exclusive distribution rights, including, but not limited to, those identified in Exhibits B and C attached to the Complaint herein (all referred to hereinafter as "the Copyrighted Programs");

(b)      Copying, duplicating, renting, selling, exchanging, trading, lending, distributing, supplying, transferring for exhibitions, exhibiting and performing of any video masters, videotape, or video disc copies of Plaintiff's Copyrighted Programs, including in the foregoing, any transcription or recording of Plaintiff's Copyrighted Programs by or from which, in whole or in part, it may in any manner or by any method be exhibited, performed, represented, produced or reproduced, and from concealing, destroying, tampering with, dealing or disposing of any transcriptions or recordings, video masters, videotape, or video disc copies, in any manner without authority under the respective copyrights;

(c)      Offering to copy, duplicate, rent, sell, exchange, trade, lend, distribute, supply for exhibition, exhibit and perform any video masters, videotape, or video disc copies of Plaintiff's Copyrighted Programs, including in the foregoing, any transcription or recording of Plaintiff's Copyrighted Programs by or from which, in whole or in part, it

may in any manner or by any method be exhibited, performed, represented, produced or reproduced, and from concealing, destroying, tampering with, dealing or disposing of any transcriptions or recordings, video masters, videotape, or video disc copies, in any manner without authority under the respective copyrights;

(d)     Causing, procuring, or contributing to the copying, duplicating, renting, selling, exchanging, trading, lending, distributing, transferring, furnishing or distributing for exhibition, exhibiting and performing, by others, of any video masters, videotape, or video disc copies of Plaintiff's Copyrighted Programs, including in the foregoing, any transcription or recording of Plaintiff's Copyrighted Programs by or from which, in whole or in part, it may in any manner or by any method be exhibited, performed, represented, produced or reproduced, and from concealing, destroying, tampering with, dealing or disposing of any transcriptions or recordings, video masters, videotape, or video disc copies, in any manner without authority under the respective copyrights; and

(e)     Using the titles of the Copyrighted Programs, or the trademarks, trade names or logos of Plaintiff, on or in connection with videocassettes or videodiscs known by the Defendants to be unauthorized in a manner which is likely to cause confusion as to source, or otherwise likely to cause confusion, mistake or deception in connection with the distribution, advertising, promotion, sale, rental, and other lawful exploitation of

authorized videocassettes, videodiscs, or other copies of the Copyrighted Programs.

2.      Each side shall bear their own costs of suit incurred in the within action.

DATED at Denver, Colorado, on November 20, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge